AO 72A
(Rev. 8/82)

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 JAN 25 A 10: 49

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DARIAN MONTRELL McDANIEL, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV512-057
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Robert O. Foerster ("the ALJ") denying his claim for Supplemental Security Income. Plaintiff urges the Court to reverse and remand the ALJ's decision for a proper determination of the evidence. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff received Supplemental Security Income based on disability as a child. (Tr. at 11). As required by law, eligibility for those disability benefits was reviewed under the rules for determining disability in adults when Plaintiff turned 18. (Id.). On November 24, 2009, it was determined that Plaintiff was no longer disabled as of November 1, 2009. (Id.) (See also Tr. at 44–48). Plaintiff requested reconsideration alleging he is disabled due to an artificial aortic valve replacement and a blood pressure problem which cause him to be tired and have shortness of breath. (Tr. at 49, 126). After the cessation decision was upheld upon reconsideration and upon a

disability hearing by a state agency Disability Hearing Officer, Plaintiff filed a request for a hearing. (Tr. at 11). On November 18, 2011, the ALJ conducted a hearing at which Plaintiff, who was represented by counsel, appeared and testified. (Tr. at 322–23). The ALJ found that Plaintiff's disability ended on November 1, 2009, and that he had not become disabled again since that date. (Tr. at 19). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 4–10).

Plaintiff, born on December 10, 1989, was twenty-two (22) years old when the ALJ issued his final decision. At the time of his January 20, 2008, adult disability report Plaintiff was still enrolled in high school, and at the time of his December 28, 2009, appeal disability report, Plaintiff was attempting to obtain his GED. (Tr. at 140). Plaintiff has no past relevant work experience. (Tr. at 18).

## ALJ'S FINDINGS

Pursuant to the Social Security Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140–41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of

2

the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process. Plaintiff has no past relevant work; therefore it is clear that he has not ever engaged in substantial gainful activity. (Tr. at 13, 18). At step two, the ALJ determined that Plaintiff had the following conditions considered "severe" under the Regulations: status post prosthetic aortic valve replacement, first degree atrioventricular block, and a learning disorder. (Tr. at 13). However, at step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. (Id.). The ALJ found that since November 1, 2009, the date Plaintiff was determined to be no longer disabled, Plaintiff had the residual functional capacity to perform work at the sedentary exertional level, with no limitations. (Tr. at 15). At the fourth step, the ALJ determined that Plaintiff has

AO 72A
(Rev. 8/82)

no past relevant work. (Tr. at 18). However, at the fifth and final step, the ALJ determined that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he could have performed as of November 1, 2009. (Tr. at 19).

## ISSUE PRESENTED

Plaintiff asserts that the ALJ erred by failing to give appropriate weight to the Cardiac Medical Source Statement prepared by his treating physician.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838–39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine

AO 72A
(Rev. 8/82)

whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff avers that the ALJ erroneously failed to give appropriate weight to the Cardiac Medical Source Statement prepared by his treating physician. The opinion of a "treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (citations omitted). "Good cause" exists where the doctor's opinion "was not bolstered by the evidence, or where the evidence supported a contrary finding[, . . . or] where the doctors' opinions were conclusory or inconsistent with their own medical records." Id. (citations omitted). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." Id. (citation omitted). See also Watkins v. Comm'r of Soc. Sec., 2012 WL 399995 *3 (11th Cir. 2012) (finding that the administrative law judge's omission of a treating physician's sit/stand limitation from the claimant's residual functional capacity "[w]ithout a clear explanation" precluded the court from "determin[ing] whether the ALJ's ultimate decision on the merits was rational and supported by substantial evidence").

The ALJ clearly stated that the November 28, 2011, Cardiac Medical Source Statement completed by Plaintiff's treating physician, Dr. Lutin, "is inconsistent with [Dr. Lutin's] office note" of the same date. (Tr. at 18). The ALJ further stated that Dr. Lutin's treatment notes are afforded "[s]ignificant weight" because those "office notes

5

are consistent with the medical evidence of record as a whole." (Id.). The ALJ recognized that Dr. Lutin's Cardiac Medical Source Statement opines that Plaintiff can sit for about 4 hours in an 8-hour workday, that Plaintiff can stand/walk for about 2 hours in an 8-hour workday, that Plaintiff is likely to be off task roughly 5% of a typical workday, and that Plaintiff would likely be absent from work roughly one day per month as a result of his impairments or treatment.[1] (Tr. at 17–18). However, as previously noted, the ALJ determined that Dr. Lutin's Cardiac Medical Source Statement, as a whole, is inconsistent with his office note of even date. The ALJ stated that Dr. Lutin noted that Plaintiff "continues to do well" and placed no restrictions on Plaintiff's activities. (Tr. at 17). The ALJ also found it important that Dr. Lutin encouraged Plaintiff to become more active. (Tr. at 17, 18). The ALJ clearly articulated good cause for discrediting the limitations placed on Plaintiff in Dr. Lutin's Cardiac Medical Source Statement. The ALJ's decision to discredit those limitations is supported by substantial evidence because those limitations are inconsistent with Dr. Lutin's treatment notes from the same date. (Tr. at 318). The other enumerations of error by the ALJ—brought by Plaintiff in a conclusory manner, without briefing—are moot because they all rest on the allegation that the ALJ erred with regard to Dr. Lutin's Cardiac Medical Source Statement.

---

[1] Plaintiff makes clear in his Reply that these are the only parts of Dr. Lutin's Cardiac Medical Source Statement which he alleges the ALJ erred in discounting. (Doc. No. 17, p. 1–2).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of January, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)